IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| EARL ROBERT VELGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL NO. 2010-42 |
| vs. | ) | |
| | ) | |
| DARWIN CARR, individually and as trustee of | ) | |
| LIVE BY FAITH IRREVOCABLE TRUST, | ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————— | ) | |
| | ) | |
| LIVE BY FAITH IRREVOCABLE TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 2010-51 |
| | ) | |
| EARL ROBERTS VELGER and JOHN DOE, | ) | |
| a/k/a MITCH MURDJEFF as local agent for | ) | |
| EARL ROBERT VELGER, | ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————— | ) | |

MEMORANDUM AND ORDER

On August 18, 2009, Darwin Carr, as trustee of the Live By Faith Irrevocable Trust entered

into a land contract with Earl Robert Velger for Apartment No. 4, Building D, Pineapple Village

Condominiums in St. Thomas, Virgin Islands.  On May 3, 2010, Earl Robert Velger brought suit

against Darwin Carr, individually, and as the trustee of the Trust, for breach of the land sale contract.

On May 25, 2010, Velger removed an action from the Superior Court of the Virgin Islands where

the Trust had sued Velger for the breach of the same land contract.  In these consolidated cases

Darwin Carr, a member of the Virgin Islands Bar Association,  represents himself,  the trustee, and

*Velger v. Carr, et al.*
Civil Nos. 2010-42 & 2010-51
Memorandum and Order
Page 2 of 4

the Trust.

Velger moves for Attorney Carr's disqualification for two reasons. First, Velger asserts that Attorney Carr's representation of himself, the trustee, and the Trust violates the ABA Model Rules of Professional Conduct 3.7(a)[1]. Second, Velger asserts that Attorney Carr represented himself to be Velger's agent and as such, Attorney Carr must be disqualified because he will be able to use privileged information obtained during his agency in matters substantially related to the issues in these actions. Neither basis is sufficient for disqualification, particularly at this stage of the litigation.

First, Model Rule 3.7(a) does not prohibit Attorney Carr from representing himself in his individual capacity.[2] He may also represent himself in his capacity as trustee.[3]

Attorney Carr's representation of the Trust, however, an entity separate from himself, may

---

[1] Model Rule of Professional Conduct 3.7(a) provides:

A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless:
  (1) the testimony relates to an uncontested issue;
  (2) the testimony relates to the nature and value of legal services rendered in the case; or
  (3) disqualification of the lawyer would work substantial hardship on the client.

ABA Model Rules of Professional Conduct 3.7(a) (2007). The Model Rules are applicable to govern attorney ethics in the Virgin Islands. V.I.S.C.T.R. 205, Bylaws of the Virgin Islands Bar Association Integrated, X (D).

[2] See *Wolk v. Cohen*, 1997 U.S. Dist. LEXIS 5322, *6 (E. D. Pa. April 21, 1997) (citing *Ducan v. Poythress*, 777 F.2d 1508, 1515 n. 21 (11th Cir. 1985)).

[3] See 28 U.S.C. § 1654.

*Velger v. Carr, et al.*
Civil Nos. 2010-42 & 2010-51
Memorandum and Order
Page 3 of 4

raise issues under Rule 3.7(a).  Even though it may allow Attorney Carr to conduct discovery and engage in other pretrial activities,[4] Rule 3.7(a)  prohibits an attorney from being an advocate *in a trial* in which he is likely to be a necessary witness.   Here, because of Attorney Carr's role as trustee and in connection with the negotiation and performance of the land contract, it appears that Attorney Carr may well be required to testify at trial.   Thus, under the Rule, he will be prohibited from representing the Trust at trial, unless the Trust can show that his disqualification would work substantial hardship on the Trust.[5]  He may, however, continue to represent the Trust in discovery and other pretrial activities.

Velger next contends  that in a letter dated October 1, 2009, Attorney Carr represented to the tenants of Apartment 4, that he was the agent for the "landlord."  Velger asserts that the reference in that letter to "landlord" refers to him.  But, as Attorney Carr pointed out at oral argument, by correspondence dated September 1, 2009, he had previously advised the tenants that going forward the units would be under the management of the Trust.  Based on the Court's reading of the October letter, in relation to the September letter, the only logical interpretation of the reference to "landlord" in the October  letter is that it refers to the Trust and not to Velger.  Thus, Velger's argument that Attorney Carr was acting as Velger's agent when he wrote the October 1, 2009 letter is without merit.

---

[4]   See also *Grammar v. Melnick*, 2008 U.S. Dist. LEXIS 58854, *5 (D.V.I. August 1, 2008).

[5]    ABA Model Rule 3.7 (a)(3).

*Velger v. Carr, et al.*
Civil Nos. 2010-42 & 2010-51
Memorandum and Order
Page 4 of 4

In addition, both counsel strenuously denied at oral argument that Darwin Carr was ever the agent or attorney of Velger.  As such, he could not possibly have learned any confidential client information from Velger, and the argument that he did simply makes no sense.  Disqualification cannot be based on this alleged agency status.

For the foregoing reasons, it is hereby ORDERED that the motion for disqualification is denied as follows:

1.  The motion to disqualify Attorney Carr as counsel for himself individually and in his capacity as  the trustee is DENIED.

2.  The motion to disqualify Attorney Carr as counsel for the Trust as to discovery and other pretrial activities is DENIED.

3. The motion to disqualify Attorney Carr as counsel for the Trust for trial purposes is DENIED without prejudice.

**S\_____**
**RUTH MILLER**
United States Magistrate Judge