IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| EARL ROBERT VELGER,            )<br>                                                           )<br>           Plaintiff,                          )<br>                                                           )<br>vs.                                                     )<br>                                                           )<br>DARWIN CARR, individually and as trustee of  )<br>LIVE BY FAITH IRREVOCABLE TRUST,  )<br>                                                           )<br>           Defendants.                      )<br>_____ ) | CIVIL NO. 2010-42 |
| LIVE BY FAITH IRREVOCABLE TRUST,  )<br>                                                           )<br>           Plaintiff,                          )<br>                                                           )<br>vs.                                                     )<br>                                                           )<br>EARL ROBERTS VELGER and JOHN DOE,  )<br>a/k/a MITCH MURDJEFF as local agent for  )<br>EARL ROBERT VELGER,            )<br>                                                           )<br>           Defendants.                      )<br>_____ ) | CIVIL NO. 2010-51 |

**ORDER**

Darwin Carr, for himself and as Trustee of the Live By Faith Irrevocable Trust, moves for attorney's fees and costs alleged to have been incurred in defense of Robert Velger's motion to disqualify him as counsel in these actions.[1]  Carr asserts that attorney's fees and costs should be

---

[1] Carr cites Federal Rules of Civil Procedure 54(d)(1) and (2) as legal authority for an award of costs and attorney's fees here.  A judgment under Rule 54 is an order or decree from which an appeal can be taken. F.R.Civ.P. 54(a). "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute on the judgment." *Catlin v. U.S.,* 324 U.S. 229, 233 (1945) (citation omitted).  The Court's December 13, 2010 Order is not an appealable order within the meaning of Rule 54.  Federal Rules of Civil Procedure Rule 72(a) and Local Rules of Civil Procedure 72.1 allow a party to file objections to a magistrate's order, not to appeal it.

*Velger v. Carr, et al. & Live By Faith Irrevocable Trust v. Velger, et al.*
Civ. Nos. 2010-42 & 2010-51
Order
Page 2 of 2

awarded because the motion had no factual basis or legal justification, and because the arguments in support of the motion were without merit. Carr also asserts the motion was brought for the purpose of harassment.

While it is true that the motion to disqualify was ultimately denied (but in one respect, without prejudice), the Court did not conclude that the motion to disqualify was frivolous. And, although the Court found that one of the arguments was without merit, there were other colorable factual and legal bases for the motion. Finally, there is no evidence that the motion was brought for purposes of harassment. An award of attorney's fee and costs is addressed to the discretion of the Court; however, not every motion warrants the imposition of fees and costs. Accordingly, it is hereby

ORDERED that the motion for attorney's fees and costs is DENIED.

S/_____
**RUTH MILLER**
United States Magistrate Judge