```
            IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS AND ST. JOHN
```

EARL ROBERT VELGER,

                              Plaintiff,      CASE NO. 2010-42

v.

DARWIN CARR, individually
and as trustee for the
LIVE BY FAITH IRREVOCABLE
TRUST,                    Defendants.

**ORDER**

Before the Court is Earl Robert Velger's motion to quash the subpoena issued upon Robert Brady for his deposition testimony on June 22, 2011 at 2:30 p.m. Velger moves to quash the subpoena alleging that the deposition was unilaterally noticed, and that Brady's counsel is currently off island and advised him that he, Brady's counsel, "will be required to discuss this matter with his client prior to providing any testimony in connection with these proceedings."

"Ordinarily, only the non-parties who were served with subpoenas may move to have them quashed under Federal Rule of Civil Procedure 45(c)(3)(A)[1]."[2] "An exception exists, however,

---

[1] A court must modify or quash a subpoena that: (1) fails to allow a reasonable time to comply;(2) requires a nonparty to travel more than 100 miles from his residence, place of employment or where the person regularly transacts business; (3) requires the disclosure of privileged or protected matter, if no exception or waiver applies; or (4)subjects a person to undue burden.

[2] *Davis v. General Accident Insurance Company of America*, 1999 U.S. Dist. LEXIS 5344, at *6 (E.D. Pa. April 20,

*Velger v. Carr*, <u>et al.</u>
Civil No. 2010-42
Page 2 of 2

where a party claims 'some personal right or privilege in respect to the subject matter of the subpoena duces tecum directed to the nonparty.'"[3]

Velger seeks to quash the deposition of Brady, a nonparty. In these circumstances, the Court may grant Velger's motion only if he claims a personal right or privilege in the information or documents sought from Brady. Velger does not claim any right or privilege associated with Brady's deposition testimony or with any documents he may have been requested to produce. Accordingly, it is hereby

ORDERED that Earl Robert Velger's motion to quash the subpoena issued to Robert Brady is DENIED.

S\_____
**RUTH MILLER**
United States Magistrate Judge

---

1999)(citations omitted).

[3] 1999 U.S. Dist. LEXIS 5344, at *6 (citing *Dart Industries, Inc., v. Liquid Nitrogen Processing Corporation of California*, 50 F.R.D. 286, 291 (Del. 1970)).