```
          IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
             DIVISION OF ST. THOMAS AND ST. JOHN
```

| | |
|---|---|
| EARL ROBERT VELGER,<br><br>                    Plaintiff,<br><br>v.<br><br>DARWIN CARR individually<br>and as Trustee of LIVE BY<br>FAITH IRREVOCABLE TRUST,<br><br>                    Defendants. | CASE NO. 2010-42 |

## **MEMORANDUM AND ORDER**[1]

Before the Court is Plaintiff Velger's motion for jurisdictional discovery (Docket No. 75).

**Factual Background**

Velger brought this action against Darwin Carr individually and as the trustee of the Live By Faith Irrevocable Trust, alleging breach of a land contract for the purchase of a condominium at Pineapple Village, St. Thomas, Virgin Islands.  The Court's jurisdiction is premised on diversity of citizenship.  Velger alleges that he is an individual who resides, maintains his principal place of business, and is a domiciliary of Michigan, and that Carr "resides in St. Thomas," Virgin Islands.

---

[1] This matter has been consolidated with *Live By Faith Irrevocable Trust v. Velger, et al.,* Case No. 10-cv-51, and an identical motion for jurisdictional discovery is pending in both cases.  The Court is issuing a separate Memorandum and Order in each case because the issues require different analysis, in part due to the differences in named parties.

*Velger v. Carr*
Civil No. 2010-42
Page 2 of 4

Because the allegations in the Complaint pertained to the parties' residence, rather than citizenship, on January 5, 2011, the Court ordered the parties to advise the Court of the citizenship of the parties, and whether the Court had subject matter jurisdiction of the action.  Velger stated that he is a citizen of Michigan.  On January 19, 2011, in Case No. 10-cv-51, consolidated with the present case, Carr advised that he is a resident of St. Croix, Virgin Islands.

**Velger's Motion for Jurisdictional Discovery**

Velger contends that he is entitled to "jurisdictional discovery" (1) to determine whether the Trust exists and was properly formed, (2) to determine whether the Trust is a real party in interest and can sue and be sued, and (3) for the disclosure of the beneficiaries because they are necessary parties.[2]  These issues are not, in the present posture of this case, a proper basis for seeking "jurisdictional" discovery.

---

[2] Velger relies on *Hendricks v. Belardo*, 2001 U.S. Dist. LEXIS 5997, at *6 (D.V.I. April 2, 2001), for the proposition that the beneficiaries of the trust are necessary parties here. In *Hendricks*, the court noted that beneficiaries may be necessary parties in an action brought by a beneficiary against a trustee for breach of its fiduciary duties.  This case does not present such circumstances.

*Velger v. Carr*
Civil No. 2010-42
Page 3 of 4

Jurisdictional discovery is limited to an inquiry to establish whether a court has personal jurisdiction over a party[3] or subject matter jurisdiction of an action[4]. Personal jurisdiction is not at issue here.

In actions where a court's subject matter jurisdiction is an issue, jurisdictional discovery may be allowed "to elicit evidence that diversity . . . does  [or does not] exist."[5] In an action where the trustee of a trust is the party to the action, as is the case here, the citizenship of the trustee is determinative for diversity purposes.[6] In the present case, despite the Court's directive, Carr did not advise the Court of his citizenship; he merely stated he was a resident of St. Croix, Virgin Islands. As a result, Velger may be entitled to jurisdictional discovery regarding Carr's citizenship. Accordingly, any "jurisdictional" discovery Velger seeks in this action will be limited to information regarding Carr's citizenship. The premises considered, it is hereby

---

[3] *Renner v. Lanard Toys, Ltd.*, 33 F.3d 277, 284(3d Cir. 1994)(citing *Fraley v. Chesapeake and Ohio Railway Company,*397 F.2d 1, 3 (3d Cir. 1998)).

[4] *Rubin v. Buckman*, 727 F.2d 71, 73 (3d Cir. 1984).

[5] *Id.*

[6] *Navarro Savings Association v. Lee*, 446 U.S. 458,464-66 (1980)(when the trustee is the party to the action, the citizenship of the trustee is determinative for diversity of citizenship purposes).

*Velger v. Carr*
Civil No. 2010-42
Page 4 of 4

    ORDERED that Velger's motion for jurisdictional discovery is GRANTED, as limited to the issue of the citizenship of defendant Carr.

                                                        S\_____
                                                          **RUTH MILLER**
                                        United States Magistrate Judge