IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

EARL ROBERT VELGER,

Plaintiff,

CASE NO. 2010-42

v.

DARWIN CARR individually and as
Trustee of LIVE BY FAITH
IRREVOCABLE TRUST,

Defendants.

## MEMORANDUM AND ORDER

Before the Court is the motion of Darwin Carr, individually and as Trustee, for

sanctions pursuant to Federal Rule of Civil Procedure 11 (ECF 65), based on three

allegations contained in Velger's pleadings.   Rule 11(b) in relevant part, provides:

> By presenting to the court a pleading, written motion or other paper –
> whether by signing, filing, submitting, or advocating it – an attorney  . . .
> certifies that to the best of the person's knowledge, information, and belief, formed
> after an inquiry reasonable under the circumstances:
>
> (1)    it is not being presented for any improper purpose, such as to
> harass, cause unnecessary delay, or needlessly increase the cost of
> litigation;
>
> * * *
>
> (3)    the factual contentions have evidentiary support or, if specifically so
> identified, will likely have evidentiary support after a reasonable
> opportunity for further investigation or discovery.

Rule 11 (c) provides that sanctions in the form of reasonable expenses, including

attorney's fees, may be awarded for a violation of Rule 11 in a proper case.   Further,

sanctions imposed under Rule 11 are "'intended to discourage pleading that are frivolous,

legally unreasonable, or without factual foundation.'"[1]   "'The standard for testing conduct under Rule 11 is reasonableness under the circumstances.'"[2]   The imposition of sanctions lies within the Court's discretion.[3]

Carr complains of two statements related to whether he, when acting in connection with the subject property, misrepresented that he was the agent of plaintiff Velger, and contends that this Court has found that any such statements were "without merit."   That phrase was used in connection with the argument on Velger's motion to disqualify Attorney Carr, however, and was made only after the introduction of evidence regarding the meaning of certain letters.   The third statement complained of relates to whether there has been a misrepresentation regarding the existence of the trust for which Carr is acting as trustee.   Carr counters the statement's veracity by resort to documents outside the complaint, answer, counterclaims and response thereto, and the record is still not complete on that issue.

In all three instances, without more, this Court cannot say that it was frivolous or unreasonable under the circumstances for Velger to make the allegedly offending statements.   Velger may not ultimately be successful in proving these allegations, but the Court cannot find that he violated Rule 11 in making them.

---

1   *The Hilmon Co. (V.I.), Inc. v. Hyatt International, S.A.,* 138 F.R.D. 66, 69 (D.V.I. 1991) (citations omitted).

2   *Id.* (quoting *Teamsters Local Union No. 430 v. Cement Express, Inc.,* 841 F.2d 66, 68(3d Cir. 1988)).

3   Jackson v. Rohm & Haas Co., 366 Fed. Appx. 342 (3d Cir. 2010); *Gary v. Braddock Cemetery,* 517 F.3d 195, 201 n. 6 (3d Cir. 2008)

*Earl Robert Velger v. Darwin Carr, et al.*
Civil No. 2010-00042
Page 3 of 3

Accordingly, the premises considered, the motion for sanctions is DENIED.

S_____
**RUTH MILLER**
United States Magistrate Judge