IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| EARL ROBERT VELGER,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DARWIN CARR individually and as<br>Trustee of LIVE BY FAITH<br>IRREVOCABLE TRUST,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 2010-42 |

## **MEMORANDUM AND ORDER**

Before the Court is the motion of plaintiff Velger and counterclaim defendant Murdjeff (ECF 142) for sanctions pursuant to Federal Rule of Civil Procedure 30(g), because Attorney Darwin Carr, having noticed Velger's deposition for August 19, 2011 on St. Thomas, did not appear personally to take the deposition, but rather deposed Mr. Velger by telephone.  Rule 30 (g) (emphasis added) provides for the recovery of expenses where a party attends his duly noticed deposition and the noticing party fails to "attend *and proceed with the deposition.*"  Inasmuch as Attorney Carr did attend by telephone and did proceed with the deposition at the time and place noticed[1], the requirements for an award of sanctions have not been met.[2]

---

1 Rule 30(b)(4) provides that the deposition "takes place where the deponent answers questions."  According to Velger, the deposition was noticed to take place at the offices of Attorney Francis Jackson at 10:00 a.m. on August 19, 2011.  Mr. Velger was present at that location at that time and date, and his deposition was taken.

2  Velger's musings regarding Carr's intention not to appear personally, and the length of time the deposition might have taken had he done so, are speculative at best, and do not support an award of sanctions.

*Earl Robert Velger v. Darwin Carr, et al.*
Civil No. 2010-42
Page 2 of 2

   Accordingly, the premises considered, the motion for sanctions is DENIED.

           S\_____
           **RUTH MILLER**
           United States Magistrate Judge