DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| EARL ROBERT VELGER, | | |
| | Plaintiff, | CIVIL NO. 2010/42 |
| v. | | |
| DARWIN K. CARR, individually and as trustee of LIVE BY FAITH IRREVOCABLE TRUST, | Defendants. | |

## ORDER

Before the Court is defendants' motion for extension of time to respond to plaintiff's motion for summary judgment (ECF 182). The summary judgment motion was timely filed on January 1, 2012, and defendants seek to extend the response time to March 4, 2012. Counsel states that he is out of the country, on trial or otherwise occupied so as to prevent him from being able to respond to the motion, and that "between now and the end of February 2012, there are several fact, and expert, depositions that will be taken in this matter."

The Court first notes that this matter is scheduled for trial – and has been so scheduled since August 17, 2010—on March 6, 2012. In addition, the docket reflects no pending deposition notices, nor has any party sought leave to take additional depositions past the discovery cutoff date, which has already passed. Indeed, at the last pretrial conference on November 17, 2011, the Court painstakingly reviewed all the remaining necessary discovery with the parties and no additional discovery was mentioned, apart from depositions that were already noticed for early December and, the Court having heard nothing further, presumably taken.

Second, although not characterized as such, if defendants' motion is in the nature of one brought pursuant to Federal Rule of Civil Procedure 54(d), it wholly fails to meet the requirements for granting such relief.  For relief under Rule 56(d), the movant must, preferably by affidavit: (1) identify the particular information sought; (2) demonstrate how such information would preclude summary judgment; and (3) justify why the information was not obtained earlier.[1]  Defendants do not identify any additional information sought, do not demonstrate how such information could preclude summary judgment, and do not justify any failure to obtain such information any earlier.  Although the Court recognizes that deference should be given to movants seeking relief under Rule 56(d),[2] that deference is not without its limits.  Defendants have failed to make the required 56(d) showing and, accordingly, the motion for extension is DENIED.  Defendants shall file their response to the motion for summary judgment on or before its due date under the Rules.

S_____
RUTH MILLER
United States Magistrate Judge

---

[1] See, e.g., *Ramos v. Executive Airlines d/b/a American Eagle*, 50 V.I. 677, 679 (D.V.I. 2008) (citations omitted).  References in the opinion are to Rule 56(f).  Rule 56(d) is the successor to Rule 56(f), and is substantially the same.  Fed. R. Civ. P. 56 Committee Notes, 2010 Amendments.  See *Graziani v. County of Erie*, 2011 U.S. Dist. LEXIS 95548, at 2* (W.D. NY Sept. 14, 2010).

[2] See *St. Surin v. Virgin Islands Daily News*, Inc., 21 F.3d 1309, 1314 (3d Cir. 1994).