```
              IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                   DIVISION OF ST. THOMAS AND ST. JOHN


EARL ROBERT VELGER,                 )
                                    )
                                    )
             Plaintiff,             )   CIVIL NO. 2010-42
vs.                                 )
                                    )
DARWIN CARR, individually and       )
as trustee of LIVE BY FAITH         )
IRREVOCABLE TRUST,                  )
                                    )
             Defendants.            )
_____)
```

MEMORANDUM AND ORDER

Darwin Carr, as trustee of the Live By Faith Irrevocable Trust (the "Trust") entered into a land contract with Earl Robert Velger on August 18, 2009, for the purchase of an apartment at Pineapple Village Condominiums in St. Thomas, Virgin Islands. On May 3, 2010, Velger brought suit against Darwin Carr, individually and as the trustee of the Trust, for breach of the contract. The Trust[1] filed

---

[1] Federal Rule of Civil Procedure 17(a)(1) provides that "[a]n action must be prosecuted in the name of the real party in interest[,]" and Rule 17(a)(1)(E) further provides that a trustee of an express trust "may sue in [its] own name[] without joining the person for whose benefit the action is brought." In *Emerald Investor Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 199 n.10(3d Cir. 2007), the Third Circuit pointed out that while Rule 17(a) provides "that a trustee of an express trust 'may' sue in its own name without joining the trust as a plaintiff, the rule does not require that he do so and does not provide that an express trust cannot sue in its own name." Furthermore, the Restatement (Second) Trusts § 280, cmt. h (1959),indicates that in an action brought by the trustee, "[w]hatever money or other property is recovered by the trustee in the action he holds subject to the trust." Thus, it is recognized that, under certain circumstances, an action in the name of the trustee on behalf of the trust, and an action in the name of the trust, net the same result. Thus, although the trustee was named as a defendant in the original action, and the Trust is the plaintiff in the counterclaim, in the circumstances presented in this case, the trustee and the Trust represent the same interest.

Moreover, here the counterclaim brought in the name of the Trust might raise an issue with respect to diversity that is not present in the action against the

*Velger v. Carr, et al.*
Civil No. 2010-42
Memorandum and Order
Page 2

an answer and counterclaim against Velger (ECF 4).

Velger moves to disqualify Carr (ECF 208), pursuant to ABA Model Rule of Professional Conduct 3.7(a),[2] from representing the Trust and Carr, in his individual capacity, at the trial scheduled for March 6, 2012.[3] Velger moves for disqualification on the bases that Carr will be a "necessary witness," who will be required to testify about "all of the matters in this litigation, including affirmative defenses and counterclaims."[4]

Carr opposes the motion asserting that he has the right to (1) represent himself in his individual capacity, (2) represent the Trust

---

trustee. See *Emerald Investor Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 203-06(3d Cir. 2007)(the citizenship of the trustee and the beneficiaries are to be considered in determining whether there is diversity when a trust has been named as a party). The Court may exercise jurisdiction over the Trust's counterclaim, however, pursuant to 28 U.S.C. § 1367(a). See *Lannet Co., Inc. v. Gratz*, 1994 U.S. Dist. LEXIS 12148, at * 18-19 (E.D. Pa. Aug. 30, 1994)(recognizing that although "the counterclaim has no independent basis for jurisdiction[,] . . . . [a] court has supplemental jurisdiction over a compulsory counterclaim pursuant to 28 U.S.C. § 1367(a)").

[2] ABA Model Rule of Professional Conduct 3.7(a) provides:

> A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.

ABA Model Rule of Professional Conduct 3.7(a) (2011). The ABA Model Rules of Professional Conduct have been adopted as the governing rules for attorney ethics in the Virgin Islands. V.I.S.C.T.R. 203(a).

[3] Motion to Disqualify (ECF 208), pp. 1-2.

[4] *Id.* at pp. 2-3.

*Velger v. Carr, et al.*
Civil No. 2010-42
Memorandum and Order
Page 3

"as counsel of record,"[5] and (3) be a witness if he testifies to uncontested issues, and Carr argues that it would be a substantial hardship for the Trust and him to retain separate counsel.[6]

Velger previously moved to disqualify Attorney Carr (ECF 19) from representing himself and the Trust.  That motion was denied with respect to Carr's representation of himself individually and as trustee, and denied without prejudice with respect to the representation of the Trust (ECF 38).  The Court sees no reason to disturb its original findings with respect to Carr's right and ability to represent himself, either individually or as trustee.

## LEGAL STANDARD

In all but the three circumstances enumerated in Rule 3.7(a), a lawyer is prohibited from being an advocate at a trial where he is likely to be a necessary witness.[7]  An attorney's testimony is deemed necessary if he has "'crucial information' in his possession

---

[5] This contention begs the question.  If Carr is disqualified, he no longer may act as counsel during the trial.

[6] Opposition (ECF 213), pp. 7-9.  The Court recognizes, however, that Attorney Benjamin Currence entered a Notice of Appearance on May 31, 2011 (ECF 97) as co-counsel with Carr in this action, and he has not withdrawn from the case.

[7] ABA Model Rule 3.7(a).  Those circumstances exist where the proposed testimony relates to uncontested issues or "the nature and value of legal services," or where disqualification would work a substantial hardship on the client.  Carr does not argue that his testimony pertains to the nature and value of any legal services.

*Velger v. Carr, et al.*
Civil No. 2010-42
Memorandum and Order
Page 4

which must be divulged."[8]  Evidence which may be obtainable elsewhere, or which is considered cumulative, will not be deemed "necessary."[9] "The party seeking disqualification must establish the necessity of the testimony from this particular witness."[10]

The purpose of the prohibition against an attorney assuming the roles of both an advocate and a witness at trial is to prevent possible confusion by the trier of fact about the attorney's role as a witness and that as an advocate.[11] The dual role of advocate-witness at trial is problematic because as a witness, an attorney is expected to testify on the basis of his personal knowledge, and as an attorney, he is expected to explain and comment on the evidence presented.[12] So, when an attorney assumes the role of advocate-witness, it may not be clear to the trier of fact whether the attorney's statement should be taken as proof or as an analysis of the evidence presented.[13]

---

[8]  *Aamco Transmissions, Inc., v. Baker,* 2008 U.S. Dist. LEXIS 14084, at *7 (E.D. Pa. Feb. 25, 2008(citing *Commercial Bus. Loans v. Martin*, 590 F. Supp. 328, 335 (E.D. Pa. 1984)).

[9] *Aamco Transmissions, Inc.*, 2008 U. S. Dist. LEXIS, at *7 (citations omitted).

[10] *Gordon v. Bechtel International*, 2001 U.S. Dist. LEXIS 22432, at * 13-14 (D.V.I. Dec. 28, 2001) (citing *Chappell v. Cosgrove*, 916 P.2d 836, 839 (N.M. 1996)).

[11]  *Gordon v. Bechtel International*, 2001 U.S. Dist. LEXIS, at * 12-13.

[12]  ABA Model Rule 3.7(a), cmt [2].

[13]  *Gordon v. Bechtel International*, 2001 U.S. Dist. LEXIS, at *13.

*Velger v. Carr, et al.*
Civil No. 2010-42
Memorandum and Order
Page 5

In deciding a motion to disqualify under Rule 3.7(a)(3),

> a balancing is required between the interests of the client and those of the tribunal and the opposing party. Whether the tribunal is likely to be misled or the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses. Even if there is risk of such prejudice, in determining whether the lawyer should be disqualified, due regard must be given to the effect of disqualification on the lawyer's client.[14]

Thus, under the Rule, the Court must balance the interests of the parties and the Court and determine if Carr's disqualification would work a substantial hardship on the Trust.[15]

### ANAYSIS

As indicated above, the Court has already recognized Carr's right to represent himself. This would apply to representation of himself both individually and as trustee.

Carr's representation of the Trust, however, an entity separate from himself, raises issues under Rule 3.7(a). The Rule prohibits an attorney from being an advocate in a trial in which he is likely

---

[14] ABA Model Rule 3.7(a), cmt. [4]; see also *Brice v. Hess Oil Virgin Islands Corp.*, 769 F. Supp. 193, 195 (D.V.I. 1990)(quoting *In Re Derivatives Antitrust Litigation*, 748 F.2d 157, 162(3d Cir. 1984))(recognizing that in cases where the parties have countervailing interests, "the Third Circuit Court of Appeals has employed a balancing test to determine the appropriateness" of disqualification.))

[15] ABA Model Rule 3.7(a)(3).

*Velger v. Carr, et al.*
Civil No. 2010-42
Memorandum and Order
Page 6

to be a necessary witness.  Here, a review of the pleadings and motion practice in the case reveals that all parties view as key Carr's role in and firsthand knowledge of the negotiation, performance and breach of the land contract.  He is also alleged to personally have made representations that form the basis of several of plaintiff's claims.  It cannot reasonably be argued at this stage that his testimony, on the whole, would relate only to uncontested issues, and it thus appears that Carr would be a "necessary witness" at trial.

Carr contends that it would be a substantial hardship to retain separate counsel, because of the great volume of the pleadings and asserting that "there will be an inordinate amount of time and expense involved in familiarizing new counsel with facts and circumstances of this case . . . ."[16]  The Court observes, however, that counsel was put on notice that he may have to retain separate counsel for the Trust since the Court's December 13, 2010 Memorandum and Order (ECF 38), and, as noted, Attorney Benjamin Currence entered a Notice of Appearance in May 2011 as co-counsel with Carr in this action.

Nevertheless, the inquiry does not end there.  Because of his recognized right to represent himself as an individual, even if the Court were to disqualify Carr from representing the Trust at trial, he would still be testifying about all the same matters, whether on

---

[16]  Opposition (ECF 213), pp. 7-8.

*Velger v. Carr, et al.*
Civil No. 2010-42
Memorandum and Order
Page 7

his own behalf under his own interrogation, or on behalf of the Trust under questioning by another attorney. Thus, as a practical matter, even if the Trust were to retain trial counsel, this would not remedy Velger's concerns about possible prejudice stemming from the dual roles as advocate and witness. Under the circumstances presented here, the concerns that the advocate-witness rule seeks to address would not be remedied by separate counsel for the Trust.

In balancing the countervailing interests, the Court finds that to disqualify Carr from representing the Trust would not alleviate the concerns implicated in Rule 3.7(a), and the potential hardship to the Trust outweighs the possibility of prejudice to either plaintiff or the Court.

Accordingly, for the foregoing reasons, it is hereby

ORDERED that the motion to disqualify is DENIED.

                              S_____
                                 **RUTH MILLER**
                                 United States Magistrate Judge