```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

                                  )
EARL ROBERT VELGER,               )
                                  )
          Plaintiff,              )
                                  )    Civil No. 2010-42
          v.                      )
                                  )
DARWIN CARR, individually and as  )
Trustee of LIVE BY FAITH          )
IRREVOCABLE TRUST,                )
                                  )
          Defendants.             )
                                  )
```

**ATTORNEYS:**

**Neil D. Goldman**
Young, Goldman & Van Beek, P.C.
Alexandria, VA
    *For the plaintiff Earl Velger*,

**Darwin K Carr**
Carr & Associates
Christiansted, VI
    *For the defendant,*

## MEMORANDUM OPINION

**GÓMEZ, J.**

Before the Court is the motion of Earl Robert Velger to dismiss this action.

**FACTUAL AND PROCEDURAL HISTORY**

In or about August, 2009, Earl Robert Velger ("Velger") was the record owner of an apartment on St. Thomas, United States Virgin Islands described as

>     Apartment Number 4, Building D
>     Pineapple Village Condominium
>     Parcel No. 49-1 Estate Frydendahl
>     No. 4 East End Quarter
>     St. Thomas, U.S. Virgin Islands

(the "property").

On August 18, 2009, Velger entered into a land contract with Darwin K. Carr to sell the property for $450,000. Darwin Carr signed the land contract as "Trustee of the Live by Faith Irrevocable Trust." *Compl. Ex.* 1, ECF No. 1. At the time of contract, Darwin Carr paid Velger $150,000 and agreed to pay monthly installments thereafter. Upon completion of paying the monthly installments, Velger was to convey title of the property to Darwin Carr.

The parties allege numerous problems that arose after the signing of the contract. Velger alleges that Darwin Carr breached all of his obligations under the land contract. Darwin Carr alleges that Velger did not have the authority to sell the property; and that Velger did not inform Darwin Carr about substandard renovations Velger performed on the property.

Darwin Carr also alleges that the cistern water supply was contaminated with bacteria.

On May 3, 2010, Velger brought suit in this Court. The Complaint contained six different causes of action.[1]

On June 3, 2010, Darwin Carr filed an answer to the complaint and counterclaims. Count I of the counterclaim asserts a claim for fraud. Count II of the counterclaim asserts a claim for dealing in bad faith.

Concerns about the disclosure of certain information arose during the discovery process. The parties submitted proposed confidentiality plans. On September 19, 2011, the magistrate entered an order granting the parties the power to designate certain information produced during discovery as confidential. The parties were ordered not to reveal information so designated.

On October 13, 2012, Darwin Carr died in an airplane crash. Darwin Carr had two children. One of those children is an unidentified minor. The other child is his daughter Jasmine Carr.

---

[1] Velger did not directly identify the nature of each cause of action. It is unclear to the Court what exactly Velger's causes of action are. The causes of action appear to be a mixture of breach of contract claims, a claim for foreclosure, an interference of contract claim, and a claim of fraud.

On February 27, 2013, Jasmine Carr was "appointed as the personal representative of the Estate of Darwin Carr. . . for the purpose of filing a wrongful death action against any potentially negligent parties involved in the death of Darwin Carr and to be the guardian ad litem for the Estate and the decedent's survivors." *Mot. to Unseal Doc. by Interested Party Jasmine Carr*, ECF No. 251-2.  On May 6, 2013, Jasmine Carr filed a motion to unseal documents that were designated as confidential pursuant to the September 19, 2011, order.  Jasmine Carr sought certain information about the Live by Faith Irrevocable Trust.  Included with the motion was a copy of Darwin Carr's death certificate, Jasmine Carr's birth certificate, the Superior Court's order appointing Jasmine Carr as the personal representative of Darwin Carr's estate, and a "Declaration of Jasmine Carr."

On February 12, 2016, Velger filed a motion to dismiss both the complaint and counterclaim without prejudice.  "In light of the death of Mr. Carr, Plaintiff/Counterdefendant [had] elected not to proceed further, and since Mr. Carr's death, no action has been taken by any party interested in his affairs to address this case, or pursue his counterclaim." *Mot. To Dismiss*, ECF No. 282.

*Velger v. Carr*
Civ. No. 10-42
Memorandum Opinion
Page 5

## DISCUSSION

Federal Rule of Civil Procedure 25 ("Rule 25") provides the procedure required for substitution after the death of a party:

> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> (2) Continuation Among the Remaining Parties. After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.
>
> (3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a).

## ANALYSIS

The death of Darwin Carr raises several questions.  First, does the action survive Darwin Carr's death?  To answer that question, the Court must look to Virgin Islands law. *See Giles v. Campbell*, 698 F.3d 153, 156 (3d Cir. 2012)("In this case, it is undisputed that the forum state is Delaware, so the District

*Velger v. Carr*
Civ. No. 10-42
Memorandum Opinion
Page 6

Court properly examined Delaware's law of survivorship to determine whether Giles's claim against Campbell was extinguished.").

The fraud and dealing in bad faith claims asserted by Darwin Carr sound in tort. Section 601 of Title 15 of the Virgin Islands Code provides that

> [s]ubject to the provisions of sections 76 and 77 of Title 5, causes of action by one person against another, whether arising on contract or otherwise, survive to the personal representatives of the former and against the personal representatives of the latter....

V.I. Code Ann. tit. 15, § 601 (2012).[2] In accord with Virgin Islands law, the Court finds that Darwin Carr's claims survived his death. Where, as here, a claim survives after the death of a party, Rule 25 provides that "[i]f the motion [for

---

[2] 5 V.I.C. § 76 addresses actions for wrongful death. 5 V.I.C. § 77 addresses the survival of tort actions that resulted in physical injury. In particular, § 77 states that

> [a] thing in action arising out of a wrong which results in physical injury to the person or out of a statute imposing liability for such injury shall not abate by reason of the death of the wrongdoer or any other person liable for damages for such injury, nor by reason of the death of the person injured or of any other person who owns any such thing in action. When the person entitled to maintain such an action dies before judgment, the damages recoverable for such injury may include loss of earnings and expenses sustained or incurred as a result of the injury may include damages for pain, suffering and disfigurement, or punitive or exemplary damages, or prospective profits or earnings after the date of death. The damages recovered shall form part of the estate of the deceased. Nothing in this section shall be construed as making such a thing assignable.

substitution of a party] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."

On May 6, 2013, Jasmine Carr filed a Motion to Unseal Document. Included in her motion was Darwin Carr's death certificate and a copy of the Superior Court order appointing Jasmine Carr as "the personal representative of the Estate of Darwin Carr . . . ." *Mot. to Unseal Doc. by Interested Party Jasmine Carr*, ECF No. 251-2. The motion was served on the parties pursuant to Federal Rule of Civil Procedure 5. *See* ECF No. 251.

The motion to unseal accomplished at least two things. First, it provided the remaining parties in the action with a "statement noting the death," Fed. R. Civ. P. 25(a)(1), of Darwin Carr. Second, it triggered the 90 day period within which a motion for substitution must be filed. *See, e.g., Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998)(holding that a party's widow triggered the 90 day period within which a motion for substitution must be filed by informing the Court of her husband's death). Over three years have passed since Jasmine Carr filed her Motion to Unseal Document. To date, no motion for substitution of parties has been filed. As such, the Court shall dismiss this case. *See*

*Velger v. Carr*
Civ. No. 10-42
Memorandum Opinion
Page 8

Fed. R. Civ. P. 25 ("If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent *must* be dismissed.")(emphasis added).

   An appropriate judgment follows.

Case: 3:10-cv-00042-CVG-RM   Document #: 283   Filed: 09/28/16   Page 8 of 8

*Velger v. Carr*
Civ. No. 10-42